## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA KOTHE and DENA KNAPP,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2097-CM** |
| ) | |
| **AIMCO, CENTRAL PARK TOWERS II,** ) | |
| **L.P., and EMERSON MANAGEMENT** ) | |
| **SOLUTIONS, LLC,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————) | |

### MEMORANDUM AND ORDER

Plaintiffs Melissa Kothe and Dena Knapp bring this civil rights action against defendants AIMCO, Central Park Towers II, L.P., and Emerson Management Solutions, LLC. The case is before the court on plaintiffs' Motion to Reconsider Stay and Arbitration Order (Doc. 40). Because plaintiffs fail to meet the standards necessary for this court to change its prior order, plaintiffs' motion is denied.

### I.      Background

On July 6, 2007, (Doc. 39), this court granted Motion of Defendant AIMCO to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration (Doc. 25). In that order, the court noted that defendant AIMCO relied on a valid and enforceable arbitration agreement and the Federal Arbitration Act to compel arbitration. Plaintiffs did not dispute that they signed the arbitration agreement. Plaintiffs' arguments against compelling arbitration focused on public policy concerns. The court found that plaintiffs failed to rebut the presumption of arbitrability. Consequently, the court stayed the case pending resolution of the arbitration of

plaintiffs' claims.

Presently, plaintiffs argue that compelling arbitration is inappropriate because the Fair Housing Act overrides the Federal Arbitration Act. Alternatively, plaintiffs argue that because they were "employees at will," they did not have an employment contract with defendant AIMCO and, presumably therefore, the arbitration agreement is not valid.

## II.    Legal Standards

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for  determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

## III.    Discussion

Here, plaintiffs have not established that any of the three major grounds justifying reconsideration are applicable. First, plaintiffs have not cited any intervening change in controlling law. All legal theories advanced by plaintiffs existed when plaintiffs submitted "Suggestions in

Opposition to Motion to Compel Arbitration / Stay the Case" (Doc. 34).

Second, plaintiffs have not demonstrated how any new evidence would require

reconsideration.  Although plaintiffs "incorporate by reference" and submit as exhibits the Findings

of Fact from the HUD investigation, the Election to Bring an Action in Federal Court dated April 20,

2007 and May 2, 2007, and the pleading of the United States Department of Justice dated June 1,

2007, plaintiffs do not clarify how these documents require the court to change its prior order.  It is

not the court's duty to scour the evidence to create and complete plaintiffs' arguments.  *See Ames v.*

*Uranus, Inc.*, No. 92-2170-JWL, 1994 WL 482626, at *30 n.23 (D. Kan. Aug. 24, 1994) ("It is not

the court's role, nor is it proper for the court, to try to decipher what evidence in the record . . .

supports plaintiff's claims.").

Third, plaintiffs have not shown that the court's prior order is clear error or that it will lead to

manifest injustice.  Plaintiffs claim that the Fair Housing Act preempts federal arbitration law, but

do not provide any case support for the proposition.  Instead, plaintiffs cite the Third Circuit for the

statement that the Fair Housing Act "was designed to operate like other civil rights laws."  In the

order compelling arbitration, the court noted that "arbitration can be compelled for claims under the

Age Discrimination in Employment Act, the Americans with Disabilities Act, and Title VII."

Logically, if arbitration can be compelled for claims under other civil rights laws, then accepting

plaintiffs' proposition that the Fair Housing Act should operate like other civil rights laws implies

that arbitration can be compelled for claims under the Fair Housing Act.  Without more support, the

court will not find that the Fair Housing Act overrides the Federal Arbitration Act in this context.

Alternatively, plaintiffs argue that because they were employees at will, they did not have an

employment contract with defendant AIMCO.  Plaintiffs conclude that without an employment

contract, there is no valid arbitration agreement.  It is inappropriate for the court to consider this

argument under a motion to reconsider.  Plaintiffs could have asserted this argument in their earlier briefing of this issue.  Instead, plaintiffs chose to rely on the public policy arguments.  Moreover, this situation is not one where the court misapprehended plaintiffs' position regarding the validity of the arbitration agreement.  Plaintiffs failed to address any challenges to the validity of the arbitration agreement by stating, "[w]e are not dealing with a mere contract dispute in the instant case."  Plaintiffs were aware of the relevance of the "contract dispute" and chose not to address it.

For these reasons, plaintiffs have not shown that reconsideration is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider Stay and Arbitration Order (Doc. 40) is denied.

Dated this 17th day of September, 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**