## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MELISSA KOTHE and DENA KNAPP,   )
                                      )
            **Plaintiffs,**    )
                                      )
v.                                 )
                                      )      **No. 06-2097-CM**
                                      )
AIMCO, CENTRAL PARK TOWERS II,   )
L.P., and EMERSON MANAGEMENT   )
SOLUTIONS, LLC,                  )
                                      )
            **Defendants.**    )
_____)

## MEMORANDUM AND ORDER

This case is before the court on defendants' Joint Motion of All Defendants to Dismiss for Failure to Comply with Order Compelling Arbitration and for Failure of Prosecution (Doc. 46). For the reasons that follow, this court grants defendants' motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Melissa Kothe and Dena Knapp filed their amended complaint in this civil rights action on October 5, 2006 against defendants AIMCO, Central Park Towers II, L.P., and Emerson Management Solutions, LLC.

On July 6, 2007, (Doc. 39), this court granted Motion of Defendant AIMCO to Compel Arbitration and to Dismiss or, Alternatively, to Stay Proceedings Pending Arbitration (Doc. 25). Consequently, the court stayed the case pending resolution of the arbitration of plaintiffs' claims.

Eight months later, on March 5, 2008, the court informally requested counsel for the parties to update the court on the status of arbitration. The court learned that there had been no arbitration claim filed.

Counsel for the parties participated in a telephone conference with the court on May 21, 2008, during which the parties agreed to proceed with arbitration.  In response to the court's informal status inquiry on December 23, 2008, seven months later, defendants represented no arbitration claim had been filed.  Plaintiffs failed to respond.

Over one year has passed since the email and teleconference; nearly two years have passed since this court's order compelling arbitration; and over three years have passed since this action was originally filed.  Still, the claims have not proceeded to arbitration.  In the present motion, filed April 21, 2009, defendants ask this court to dismiss plaintiffs' claims with prejudice for failure to comply with the court's July 6, 2007 order, and for failure to prosecute their claims in arbitration.

Plaintiffs' one-page response explains that plaintiff Kothe's serious health issues and related procedures arising from her May 2008 diagnosis of breast cancer have prevented her from participating in arbitration.  Plaintiffs assert that they recently made a demand for arbitration.  They assert that plaintiff Kothe will be able to participate in arbitration within one month of the date of the response, which has now passed.  Plaintiffs seek "a reasonable period of time to complete the arbitration."  (Doc. 48, at 1.)

Following a May 5, 2009, telephone status conference with the court, defendants filed a reply in support of their request for dismissal with prejudice.  Defendants argue that plaintiffs' dilatory conduct in pursuing their claims has resulted in prejudice to defendants.  Defendants also suggest that plaintiffs' delay has interfered with this court's ability to control its own docket.

This court ordered plaintiffs to show cause why defendants' motion (Doc. 46) should not be granted, at a hearing held June 17, 2009.  Shortly before the hearing, plaintiffs filed what was docketed as a response to this court's order to show cause.  This response was in the form of an

-2-

affidavit from Sean Keverney, an attorney with the United States Department of Justice.  Mr.

Keverney, on behalf of the government, is currently prosecuting defendants AIMCO and Central

Park Towers II, L.P., among others, under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, in a case

arising from the same facts as plaintiffs' case.  *See United States v. Sturdevant, et al.*, No. 07-2233-

KHV-DJW (D. Kan.)[1]  Mr. Keverney statess that he has consulted plaintiffs' counsel in connection

with the litigation in the government's case, and that counsel has been cooperative.  He outlines

measures that plaintiffs' counsel has taken to make his clients available for consultation, videotaped

deposition, and mediation in the government's case.  The affidavit notes that, prior to the filing of

the government's complaint, Mr. Keverney and plaintiffs' counsel discussed the fact that plaintiff

Kothe's "interests and the interests of the United States are aligned with respect to the United States'

claims in *United States v. Sturdevant, et al.*"; and that the government is seeking a remedy for the

discrimination suffered by plaintiffs Kothe and Knapp, as well as seeking damages on their behalf.

(Doc. 53, at 3–4.)  Accompanying this affidavit is a copy of the complaint filed by the government in

*United States v. Sturdevant, et al.*

At the hearing, plaintiffs explained that there were good reasons for plaintiffs' failure to

comply with the court's July 2007 order – specifically, plaintiff Kothe's inability to participate in

arbitration due to her medical condition.

Also, plaintiffs highlighted conduct related to the government's case: specifically, the

---

[1]  According to the government, Ms. Kothe filed a complaint with the United States Department of Housing and Urban Development ("HUD") on or about May 24, 2005.  The Secretary of HUD conducted and completed an investigation of Ms. Kothe's complaint and determined that reasonable cause existed to believe that discriminatory housing practices occurred.  On or about April 20, 2007, the Secretary of HUD issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Stacy Sturdevant and AIMCO Properties, L.P., among others, with engaging in discriminatory housing practices in violation of the Fair Housing Act.  Defendant Emerson Management Solutions, LLC, is not a defendant in the *Sturdevant* case.

number of phone calls and emails they have made or exchanged with Keverney; a powerpoint

presentation apparently created for the government's case; and a teleconference discussing "global

settlement" of both cases.  Plaintiffs suggested that they have "complied" with the court's order "to

the best of [their] ability," but that this is an "extraordinary case."

    The court has reviewed the record, considered the parties' arguments, and is now prepared to

rule.

## II.    DISCUSSION

    Both under Rule 41(b) of the Federal Rules and the inherent power of a judge, a case may be

dismissed with prejudice for want of prosecution.  *Davis v. Operation Amigo, Inc.*, 378 F.2d 101,

103 (10th Cir. 1967) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

    A court may dismiss a case for failure to prosecute after considering the following criteria:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference
> with the judicial process; (3) the culpability of the litigant; (4) whether the court
> warned the party in advance that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted).

    First, defendants have been prejudiced by plaintiffs' failure to prosecute the case or

participate in arbitration as ordered.  Defendant AIMCO has been prejudiced because it has not been

able to have claims against it arbitrated as ordered by this court.  The remaining defendants have

been prejudiced because the case against them is stayed pending resolution of the arbitration

proceedings.  The prejudice may be somewhat limited, as it appears discovery might be proceeding

in the related case filed by the government, which could ultimately be relevant to the claims in this

case.  However, the court determines that, due to the passage of time, defendants have suffered

prejudice.

Second, plaintiffs allowed a period of nearly two years to pass in which they failed to comply with this court's order compelling arbitration, despite representations that they would.   Plaintiffs' failure has interfered with judicial process.  This court has had to make repeated informal inquiries regarding the status of the case, conduct teleconferences, and schedule hearings.  Only when faced with a motion to dismiss did plaintiffs finally take the first step toward prosecuting this case, by filing a claim for arbitration, the status of which is still unknown to the court.

Third, plaintiffs are solely culpable for this conduct.  The responsibility lies with a plaintiff to prosecute its case, and, in particular, to abide by orders of the court.

Plaintiffs, like any litigant, are on notice that failure to prosecute, like failure to comply with court orders, can result in involuntary dismissal as a sanction.  Fed. R. Civ. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473 (2000).  Defendants specifically put plaintiffs on notice of dismissal as a possible sanction by filing their April 21, 2009 motion.  This court reinforced that notice through its June 8, 2009, order to show cause.

This court has given plaintiffs every opportunity to demonstrate why the court should overlook a two-year delay in complying with this court's order compelling arbitration.  This court's show cause order was intended to provide plaintiffs yet another opportunity to explain what steps plaintiffs had taken – to date – to comply with this court's July 6, 2007 order and establish that plaintiffs are actively and diligently pursuing their claims in arbitration.  The court anticipated an update on the current status of the arbitration proceedings: perhaps evidence the claim had been filed, that the filing fees had been paid, that the parties had secured an arbitrator, and/or that a schedule for arbitration had been set.  Plaintiffs failed to show cause sufficient to satisfy this court that they are actively and diligently pursuing their claims in arbitration.  Rather, plaintiffs used the opportunity to attempt to justify the delay; and to demonstrate how they are cooperating in the case

-5-

filed by the government.

Finally, the court is not convinced that lesser sanctions would be effective.  This court cannot force a plaintiff to proceed with a case.  The clear record of delay and excuses here convince this court that directing plaintiffs to take action would be fruitless.  In the meantime, defendants will be further prejudiced by the lack of closure to this case.

The only consideration that weighs slightly in plaintiffs' favor is the representation made by counsel that plaintiff Kothe's serious health issues and related procedures arising from her May 2008 diagnosis of breast cancer have prevented her from participating in arbitration.  However, this consideration is heavily undercut by the fact that this court ordered plaintiffs to proceed in arbitration on July 6, 2007.  The case sat dormant for nearly 10 months before plaintiff Kothe's diagnosis.  And the court was unaware of the status of the case or the reasons for subsequent delays until after defendants filed the instant motion.  Although the court is very sympathetic to plaintiff Kothe's situation, her health condition does not, at this point, excuse plaintiffs' failure to comply with the court's July 2007 order and their duty to diligently prosecute this case.

This court is aware that dismissal is a harsh remedy.  However, for all of the reasons set out above, the court determines that this case should be dismissed as a sanction for plaintiffs' failure to prosecute, and for failure to comply with this court's order.

The court is mindful, however, that the law favors the hearing of a litigant's claim upon the merits.  To that end, plaintiffs may file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure should the plaintiffs' wish to do more than "try" to comply with this court's order to compel arbitration.  If plaintiffs demonstrate a valid reason why sanctions are not appropriate, the court may reopen the case with appropriate conditions governing plaintiffs' participation.

-6-

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 46) is granted.

Plaintiffs' case is dismissed without prejudice for failure to prosecute, and for failure to comply with

this court's order.

Dated this 22nd day of June 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**